MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone:  (520) 624-8886
Fax:    (520) 798-1037
Email: JBarker@mcrazlaw.com
       GGarcia@mcrazlaw.com

By:   J. Emery Barker, # 1151
      Guadalupe Garcia, # 035602
      12236-2/gmg

Attorneys for Plaintiff Ashley Applebee

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Applebee, individually and as Personal Representative for the Estate of Donald Joseph Applebee Jr., <br><br> Plaintiff, <br><br> vs. <br><br> ASARCO LLC <br><br> Defendant. | No. <br><br> **COMPLAINT** |

Plaintiff Ashley Applebee ("Ashley"), Individually and as Personal Representative for the Estate of Donald Joseph Applebee Jr., by and through undersigned counsel, for her Complaint against Defendant, ASARCO LLC ("ASARCO"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Ashley is a single woman and resident of the State of Ohio, and she is the Personal Representative of the Estate of Donald Joseph Applebee Jr. (the "Estate").

2. ASARCO is a Delaware Limited Liability Company with its principle place of business in Pima County, Arizona. ASARCO is authorized to and conducts business in Arizona.

3. This is an action filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), asserting claims for breach of fiduciary duties seeking equitable relief and damages.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, and pursuant to ERISA, 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA.

5. This Court has personal jurisdiction over the Defendants because they are headquartered and transact business in the United States and ERISA provides for nationwide service or process. 29 U.S.C. § 1132(e)(2). The district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for under ERISA. 29 U.S.C. § 1132(f).

6. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because violations of ERISA occurred in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because the Defendant conducts business in this District and a substantial part of the events or omissions giving rise the claims asserted herein occurred within this District.

**GENERAL ALLEGATIONS**

7. Ashley's Father, Donald Joseph Applebee Jr. ("Donald"), was employed by ASARCO until the Spring of 2019. During Donald's employment with ASARCO, Donald participated in an employee benefits plan offered by ASARCO which included a life insurance plan.

8. On or about May 5, 2019, upon information and belief, Donald went to ASARCO to sign paperwork related to his employment benefits.

9. On or about May 27, 2019, Donald died in Pima County, State of Arizona.

10. Sometime in the Spring of 2019, Donald's employment with ASARCO terminated and, upon information and belief, his group life insurance coverage was set to terminate on or about May 31, 2019.

11. After Donald's death, Plaintiff contacted ASARCO for information pertaining to Donald's termination and his life insurance policy.

12. Despite repeated demand, ASARCO has refused to provide Plaintiff with Donald's employment termination date or other information or documentation pertaining to Donald's life insurance benefits including the insurance carrier at the time of Donald's termination.

13. Upon information and belief, the life insurance policy had a conversion principle that allowed Donald to convert his group policy into an individual policy as long as the paperwork was completed and returned within a certain amount of time from the date he lost group coverage.

14. Upon information and belief, Donald attempted to complete the conversion paperwork prior to his group life insurance coverage lapsing. However, the paperwork Donald initiated was for Liberty Life Assurance Company of Boston ("Liberty Mutual").

15. Liberty Mutual has informed Plaintiff that their policy with ASARCO was not active until July 1, 2019.

16. ASARCO has refused all demands to inform Plaintiff who their life insurance carrier was at the time of Donald's termination.

## COUNT 1
### (Violation of 29 U.S.C. § 1132(a)(3); Claim for Life Insurance Benefits Against Defendant ASARCO)

17. Under 29 U.S.C. § 1132(a)(3), a civil action may be brought by a "participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

18. Upon information and belief, Donald was entitled to receive written notice of his right to apply for conversion insurance. Upon information and belief, notice had to be given within certain time periods.

19. Upon information and belief, ASARCO is the Plan Administrator. As Plan Administrator, ASARCO is a fiduciary within the meaning of ERISA.

20. 29 U.S.C. § 1104(a)(1), provides that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying the reasonable expenses of administering the plan, and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. Duties must also be discharged in accordance with the documents and instruments governing the plan.

21. ASARCO failed to give Donald any of the requisite information about his life insurance coverage to which he was entitled. ASARCO materially misled Donald concerning his life insurance coverage; did not provide him with the requisite forms for conversion; and otherwise breached their affirmative duties.

22. Donald and Plaintiff detrimentally relied upon ASARCO as Plan Administrator and fiduciary to uphold their responsibilities and provide them with all of the requisite information and documentation concerning life insurance coverage.

23. Upon information and belief, as a result of ASARCO's breach of its fiduciary duties, no conversion policy was in place and Plaintiff failed to receive his benefits.

24. Plaintiff has been damages in the amount of the life insurance policy proceeds that she should have received.

25. Under 29 U.S.C. § 1132(g), the court in its discretion may allow a reasonable attorneys' fee and costs of the action be awarded to the filing beneficiary. Plaintiff is seeking payment of her attorneys' fees and costs in having to file this suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and requests that the Court award the following relief:

A. Award, declare, or otherwise provide Plaintiff all relief under ERISA 29 U.S.C. § 1132(a), and/or any other applicable law that the court deems proper and such appropriate monetary and equitable relief as the Court may order, including damages;

B. Award to Plaintiff her attorneys' fees and expenses as provided by ERISA 29 U.S.C. § 1132(g), and/or other applicable law or doctrine; and

Award pre-judgment and post-judgment interest.

DATED: November 13, 2020

                    MESCH CLARK ROTHSCHILD

                    By: */s/ J. Emery Barker*
                          J. Emery Barker
                          Guadalupe Garcia
                          *Attorneys for Plaintiff*

27S3995.DOCX